**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ISAAC RUSSELL                                                                                    PLAINTIFF
ADC #132326

V.                                        NO: 5:11CV00158 BSM/HDY

LARRY MANNING                                                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian

S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District
                  Judge (if such a hearing is granted) was not offered at the
                  hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the
                  hearing before the District Judge in the form of an offer of

1

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Isaac Russell, an inmate currently incarcerated at the East Arkansas Regional Unit

of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2),

pursuant to 42 U.S.C. § 1983, on June 23, 2011, alleging that Defendant Sgt. Larry Manning used

excessive force when he unnecessarily sprayed him with chemical spray when Plaintiff was being

attacked by another inmate. On January 4, 2012, Defendant filed a motion for summary judgment,

a brief in support, and a statement of facts (docket entries #36-#38). Plaintiff filed a response in

opposition and a declaration on January 25, 2012 (docket entries #43 & #44). In response to a Court

order, Defendant filed a supplement to his motion on February 3, 2012 (docket entry #47). Plaintiff

filed a response to that supplement on February 23, 2012 (docket entry #50).[1]

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1]Because Plaintiff has now filed a response to Defendant's supplement, his motion for an
extension of time to file a response (docket entry #48) is moot.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he was attacked by another inmate on September 4, 2010, at the Delta Regional Unit, and Defendant used excessive force against Plaintiff by spraying a whole can of chemical spray in his face. Plaintiff indicates in his complaint that the reversal of the disciplinary charge he received for allegedly fighting demonstrates that he was the victim, and no force was needed.

Defendant asserts, among other things, that he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claim of excessive force before he filed this lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v.*

3

*Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory."  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Documents attached to Defendant's motion (docket entry #36-6) indicate that Plaintiff exhausted only one grievance regarding the incident; DR-10-619.  Defendants have attached that grievance to their motion (docket entry #36-5).  In that grievance, Plaintiff complains that he was attacked by another inmate, and that the warden and major failed to protect him from the attack.  Although Plaintiff referenced Defendant in his appeals of the unfavorable responses, it is clear that the grievance concerned the warden's and major's alleged failure to protect him from attack.  In fact, the ADC grievance policy in effect at the time specifically states that only the statement in the space provided at the step one informal resolution stage of the grievance process will be considered part of the grievance submission (docket entry #47-1, page #5), and that new issues cannot be added at step two, the formal grievance stage (docket entry #47-1, page #8), or at the final appeal stage (docket entry #47-1, page #2).  The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  It is clear from the grievance that Plaintiff did not even mention Defendant until step two of the process, and therefore failed to achieve proper exhaustion, under ADC policy, as to his excessive force claim against Defendant.  In his declaration and response to Defendant's motion, and in his response to Defendant's supplement, Plaintiff claims that disciplinary matters are not grievable, and that he did exhaust his appeals when the disciplinary hearing administrator reversed the disciplinary charge.  However, this lawsuit is not about a disciplinary matter, but rather the allegedly excessive force used by Defendant.  Because it is clear that Plaintiff failed to properly exhaust any administrative remedy

4

with respect to his excessive force claim against Defendant, his complaint should be dismissed.[2]

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #36) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.      Plaintiff's motion for an extension of time (docket entry #48), and his motion to compel (docket entry #49), be DENIED AS MOOT.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __29__ day of February, 2012.

_____

UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff's pending motion to compel (docket entry #49) seeks access to his medical records which he says has been denied.  Because Plaintiff's exhaustion is a threshold issue, and is not related to his medical records, the motion is moot due to Plaintiff's failure to exhaust his administrative remedies before he filed his lawsuit.